R. L. THORNTON, Respondent, v. W. K. ROYCE, Appellant.

### Kansas City Court of Appeals, January 29, 1894.

Party Wall: CONTRACT TO HALF: REASONABLE VALUE: INSURANCE. Defendant agreed to pay plaintiff a definite sum, one-half the cost of a party wall built by the latter between them, whenever defendant used the wall. *Held* it was no defense that in the meantime the wall had been impaired by fire and plaintiff had collected insurance for the damage and defendant paid out money for repairs on the wall before using it, as defendant had contracted to pay the cost and not the reasonable worth of the wall when he used it.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Silas W. Dooley* and *Thos. J. Smith* for appellant.

(1) Party wall law is, in one sense, *sui generis;* it is for contribution, and they are essentially equity cases involving equitable estates, and for these reasons the usual law of contracts does not apply, and if the party wall cases cited by respondent be applicable to this case, then our equitable defense should have been submitted to the jury. *Harber v. Evans*, 101 Mo. 661; *Sharpe v. Cheatham*, 88 Mo. 504. (2) The contract should be construed with a view to its mutuality of benefit and equality of burden, between the parties. *Turman v. Stephens*, 83 Mo. 222. (3) Prior

to the time of Royce joining to the wall of Thornton in dispute, Royce could not legally interfere with Thornton's possession or control of this wall, either to make changes in the same or to tear it away or rebuild and Thornton should be the loser for any damage done to it before Royce built. *Miller v. Brown*, 33 Ohio St. 547; *Glover v. Mersman*, 4 Mo. App. 90. (4) After Royce had acquired a party wall right by joining to this wall under the contract, he could then, if the wall was insufficient for the purposes for which it was intended, after notice to Thornton, have taken the wall down and rebuilt the same and compelled Thornton to pay him one-half of the cost thereof. *Campbell v. Mesier*, 4 Johns. Ch. 340; *Partridge v. Gilbert*, 15 N. Y. 607; *List v. Hornbrook*, 2 W. Va. 346; *Crashaw v. Summer*, 56 Mo. 522.

*Templeton & Hales* for respondent.

(1) The terms of a contract are to be construed according to their obvious meaning. *Pavey v. Burch*, 3 Mo. 447. (2) Court should give effect to every clause of a contract if it can be done, but parties must make their own contracts, and courts cannot relieve against injudicious ones in the absence of fraud or mistake. *Webb v. Ins. Co.*, 14 Mo. 3. (3) When a party by his own contract creates a charge or duty upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract. *Dans v. Smith*, 15 Mo. side page 469; *Gibson v. Perry*, 29 Mo. 246; *Burnes v. Fuchs*, 28 Mo. App. 279; *Ward v. Fagan*, 101 Mo. 669; Chitty on Contracts, 274; 2 Parsons on Contracts, 184; *Gibson v. Perry*, 29 Mo. 245; *State ex rel. Benedict*, 51 Md. 642; *Hume v. Bulsford*, 51 Md. 651; *Callahan v. Morse*, 37 Mo. App.

189; *Stratt v. Haynard*, 37 Mo. App. 585; *Gordon v. Evans*, 97 Mo. 587; Revised Statutes, 1889, sec. 2302; *Conrade v. Spink*, 38 Mo. App. 306.

GILL, J.—Plaintiff and defendant being respectively owners of adjoining lots in Rich Hill, Missouri, and plaintiff in the fall of 1891, desiring to erect a brick building on his lot, the parties entered into a written contract wherein it was provided that plaintiff would erect a party wall on the line between the two lots, the half of which should rest on plaintiff's lot and the other half on that of the defendant. It was then agreed that the whole cost of the wall then constructed by plaintiff was $456, and in view of this it was then stipulated by the contract, "that in case the party of the second part (the defendant Royce) his heirs or assigns shall use said party wall in any building hereafter to be erected upon his lot, then and in that event he or they shall pay to the party of the first part (this plaintiff), his heirs, assigns, etc., one-half of the cost of said party wall, to-wit, the sum of two hundred and twenty-eight (228) dollars." During the summer of 1892 (about one year after plaintiff built the said party wall) defendant Royce, erected a building on his lot and joined onto, and used, the wall so constructed by plaintiff. But defendant refused to pay the $228 called for in the contract, and hence this suit.

The defense disclosed by the testimony offered at the trial was this: It seems that a short time before defendant erected his building a fire occurred in that of the plaintiff and partially injured the joint wall, though it was left standing, and, after spending a small sum of money (less than $50) in repairs thereon, defendant utilized the wall in constructing his building. It seems, too, that plaintiff secured some insurance on account of damages done the wall.

At the close of the evidence the court gave a peremptory instruction to the jury to find for the plaintiff for the $228, the amount called for in the contract, with six per cent. interest thereon from the time the defendant joined to, and used, the wall; and, after a verdict and judgment in accordance therewith, defendant, appealed.

There was no defense to this suit, and the trial court properly directed a verdict for the plaintiff. The case was simply this: Plaintiff constructed the brick wall between his and the defendant's lot, and at the time paid the entire cost thereof. The defendant, however, then and there positively and definitely agreed that in the event he, the defendant, should use said party wall in any building thereafter to be by him erected on his lot, then and in that event he (defendant) would pay to the plaintiff $228, which was the one-half of the admitted cost of such wall. Defendant subsequently put up a building on his lot and adopted and used the wall so erected by plaintiff at his own cost and expense. Defendant then, under the very plain terms of the contract, became obligated to pay plaintiff the $228.

That the wall, in the meantime, may have been somewhat injured by fire, water or other elements would not, in any manner or in any degree, impair defendant's contract to pay the half of the original cost whenever he should build thereto and use the same. If defendant had intended that he should only pay the half of what the wall was *reasonably worth at the time he should use it,* he should have so stipulated in his contract with the plaintiff. He saw proper to agree to pay the $228 without any such condition, and it is not in the power of the courts to make a contract for the parties, but to enforce it just as made.

Neither was defendant in any way concerned with

any insurance money plaintiff may have received on account of damage done the wall by fire. That was a matter entirely between the plaintiff and the insurance company, and was, as to the defendant, *res inter alios acta*. *Dillon v. Hunt*, 105 Mo. 154–163.

The judgment was clearly for the right party and will be affirmed. All concur.